```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

  LEONEESHA HICKSON; ARNAND BA,

                    Plaintiffs,
                                                    MEMORANDUM AND ORDER
            -against-                               20-CV-2974 (EK)(RER)

  V.I.M. STORE,

                    Defendant.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Leoneesha Hickson[1] brings this *pro se* action against V.I.M. Store, a clothing and shoe store in Brooklyn, New York, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff Hickson's application to proceed *in forma pauperis* is granted. For the reasons stated below, the Complaint is dismissed for lack of subject matter jurisdiction.

## I. Background

Plaintiff Hickson, a citizen of Brooklyn, New York, brings this action against V.I.M. Store ("V.I.M"), a clothing

---

[1] The Complaint lists both Leoneesha Hickson and Arnand Ba as plaintiffs. *See* Complaint at 1-2, ECF No. 1 ("Compl."). Other sections of the Complaint, however, list only Ms. Hickson as plaintiff, *see* Compl. at 4, 6, and she is the only plaintiff to have signed the Complaint. The Complaint arises from a personal injury sustained by Ms. Hickson and does not allege any injury sustained by Mr. Ba. Because Ms. Hickson is appearing *pro se*, she cannot bring claims on behalf of Mr. Ba or represent him in this action; nor can Mr. Ba bring claims on behalf of Ms. Hickson. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Accordingly, the Court construes this action as brought by Plaintiff Hickson on her own behalf.

and shoe store located in Brooklyn, New York. Plaintiff alleges that while out walking on June 18, 2020, she was stabbed in her foot by a piece of metal that stuck out of a shoe that she had purchased at V.I.M. on June 13, 2020. Compl. at 5. Plaintiff states that she visited an emergency room as a result of her injury and attaches medical records from that visit. *Id.* at 7-12. Plaintiff seeks $70,000 in damages. *Id.* at 6.

## II. Standard of Review

The Court must dismiss an *in forma pauperis* action *sua sponte* if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless "comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction. *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). The lack of subject matter jurisdiction cannot be

2

waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (cleaned up). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### III. Discussion

Federal subject matter jurisdiction is governed by 28 U.S.C. §§ 1331 and 1332. Under Section 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes federal question jurisdiction under Section 1331 when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id*. Here, Plaintiff does not establish

3

federal question jurisdiction, as her claims arise under state, not federal, law.

Under Section 1332, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (jurisdiction based on 28 U.S.C. § 1332 "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants"). This Court lacks diversity jurisdiction over Plaintiff's claims because she and the defendant are both citizens of New York. In addition, even if complete diversity of citizenship existed, Plaintiff seeks $70,000 in damages, which is less than the amount in controversy that would be required to establish subject matter jurisdiction under Section 1332.

For these reasons, this Court lacks subject matter jurisdiction over this action. This order does not, of course,

4

prohibit Plaintiff from bringing her claims in New York state court.

### IV. Sealing Order

Finally, Plaintiff included with her Complaint certain medical records from an emergency room visit arising from her alleged injury.  *See* Compl. at 7-12.  "Courts have specifically recognized that there is a recognized privacy interest in medical records, albeit one that is neither fundamental nor absolute."  *United States v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017).  In light of this privacy interest and Plaintiff's *pro se* status, the Court finds it appropriate to enter a *sua sponte* order to seal the Complaint.  *See Lopa v. Fireman's Fund Ins. Co.*, No. 11-cv-2973, 2014 WL 1311451, at *3 (E.D.N.Y. Feb. 18, 2014) (court *sua sponte* filed a letter under seal "due to [the plaintiff's] inclusion of medical information at a time when he was *pro se*").

### V. Conclusion

For the reasons set forth above, the Complaint filed *in forma pauperis*, is dismissed for lack of federal subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

It is further ordered that Plaintiff's Complaint shall be sealed because it contains confidential medical records.  The Clerk of Court is directed to restrict access to the document filed at ECF No. 1 to case participants only.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                        /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    December 1, 2020
            Brooklyn, New York